# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VIRTUAL RADIOLOGIC | § | |
| PROFESSIONALS OF ILLINOIS, S.C., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-374 |
| | § | Judge Mazzant |
| SHPS PLLC d/b/a | § | |
| RADIOLOGIST.COM, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for Attorney's Fees and Costs (the "Application") (Dkt. #9). Having considered the Motion and the relevant pleadings, the Court finds that the Application should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is a breach of contract and fraudulent inducement case. On April 11, 2025, Plaintiff Virtual Radiologic Professionals of Illinois, S.C. filed suit against SHPS PLLC D/B/A RADIOLOGIST.COM (Dkt. #1). Defendant did not answer or otherwise respond. The clerk entered default on May 28, 2026 (Dkt. #6). Default judgment was entered on June 23, 2025 (Dkt. #8). The judgment permitted Plaintiff to submit evidence of attorney's fees and costs within fourteen days (Dkt. #8 at p. 2). Plaintiff timely sought attorney's fees and costs (Dkt. #9).

## LEGAL STANDARD

### Attorney's Fees

As an initial matter, in ordinary diversity cases, state law governs the issue of awarding attorney's fees. *Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981) (collecting cases).

"Thus, the discretionary authority granted district courts by FED. R. CIV. P. 54(d) to award attorney's fees must be exercised within the bounds of applicable state law, and fee awards which contravene state law cannot be upheld on appeal." *Id.*

Under Texas law, a plaintiff is entitled to attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code if it is the prevailing party on a contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) (a person may recover reasonable attorney's fees if the claim is for an oral or written contract); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 857 F. App'x 786, 793 (5th Cir. 2021) (unpublished) (noting that defendants failed to cite to any authority showing that Chapter 38 was inapplicable). An award of attorney's fees is mandatory under Chapter 38 if the plaintiff recovers damages for a breach of contract claim, but the amount is discretionary. *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002)).

The "lodestar" method applies when determining the reasonable and necessary attorney's fees that should be awarded. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497–98 (Tex. 2019). First, the court determines the reasonable number of hours expended and the reasonable hourly rates for the participating attorneys. *Id.* at 498. Next, the reasonable number of hours is multiplied by this reasonable hourly rate. *Id.* The product of this calculation is the "lodestar." *Id.* Finally, the district court may adjust the lodestar upward or downward depending on the circumstances of the case. *Id.* at 500.

The *Arthur Andersen* case provides relevant factors that may justify an adjustment, but factors already incorporated into the base calculation may not be applied to rebut the presumption that the base calculation reflects reasonable and necessary attorney's fees. *Rohrmoos*, 578 S.W.3d at

501 (citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). The *Arthur Andersen* factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Id.* at 493–94 (citation modified).

## Costs

Even in diversity cases, federal law governs the taxation of costs. *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993). Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "costs—other than attorney's fees—should be allowed to the prevailing party" unless the Court provides otherwise. FED. R. CIV. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012). This discretion is restricted by 28 U.S.C. § 1920, which limits the types of costs a court can tax against an unsuccessful party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 permits taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district court may decline to award costs listed in the statute but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42.  "Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law." *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012).

## ANALYSIS

The Court finds that Plaintiff's requested attorney's fees are reasonable and necessary, and finds Plaintiff is entitled to some of its requested costs.

## I.    Plaintiff is entitled to attorney's fees.

Plaintiff was represented in this action by Duane Morris LLP and services were rendered based on an hourly fee (*See* Dkt. #9-1 at p. 2). Duane Morris attorneys and staff spent 55.9 hours, for a total fee of $16,677.50 (reduced from a total of $27,492.50) (*See* Dkt. #9-1 at pp. 3–4).

The total hours expended by Plaintiff's counsel in prosecuting this action were itemized in detail in the invoices attached as Exhibit 1 to Diseker's Declaration (Dkt. #9-2). This figure is entirely reasonable, considering the complexity of the litigation, service efforts, and the amount of damages at stake. Each of the attorneys contributed differently to this litigation and efforts were

taken to avoid duplicative work (Dkt. #9-1 at pp. 3–4). Similarly, in an effort to minimize costs in this litigation, Duane Morris reduced the total fees from $27,492.50 to 16,877.50 (Dkt. #9-1 at p. 3).

With respect to determining the reasonable hourly rate of compensation, the Court finds that the rates and hours requested are reasonable. An attorney's requested hourly rate is prima facie reasonable when the rate is his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (citing *Islamic Ctr. of Miss. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)). Here, the rates detailed in the invoice attached to Diseker's Declaration (Dkt. #9-2) are discounted from counsel's customary billing rate, are within the range of prevailing market rates, and Defendant does not contest the request. The Court finds the hours and hourly rate reasonable in this case.

Further, the Court finds no reason to alter the lodestar fee based on the *Arthur Andersen* factors, majority of which provide additional support for the requested attorney's fees.

Lastly, Duane Morris expended an additional 15.3 hours in preparing the Application at hourly rates ranging from $485–$500. The preparation of an application for attorney's fees requires "legal knowledge and skill beyond the capabilities of clerical staff." *Salinas v. Rubin*, 126 F. Supp. 2d 1026, 1038 (S.D. Tex. 2001), *vacated in part*, 286 F.2d 827 (5th Cir. 2002). Thus, courts have awarded attorney's fees and costs for the preparation of a fee application. *See id.* The Court finds it appropriate to do so here. Because the Court finds that the rate and hours are reasonable, and that there is no need to alter the fee, the Court grants Plaintiff's request for fees associated with the preparation of the Application.

## II.    Plaintiff is entitled to recover some of its costs.

Plaintiff seeks $858.00 in costs, but it is only entitled to $405.00. Specifically, Plaintiff's request for $405.00 for fees of the clerk is permitted by 28 U.S.C. § 1920(1), but Plaintiff cites no

authority allowing the Court to award costs for service of summons. It appears that Plaintiff used a private process server in this case (*See* Dkt. #3 at p. 2). The case law indicates that private service costs are available only in exceptional circumstances, which Plaintiff has not identified here. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs." (citing *Zdunek v. Wash. Metro. Area Trans. Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983)). Accordingly, the Court will not award the $453.00 requested.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Application for Attorney's Fees and Costs (the "Application") (Dkt. #9) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that:

1.  Plaintiff be awarded attorney's fees in the amount of $16,677.50;

2.  Plaintiff be awarded costs in the amount of $405.00; and

3.  Plaintiff be awarded attorney's fees in the amount of $5,000.00 incurred in preparing Plaintiff's Application for Attorney's Fees and Costs.

All other relief requested is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of December, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE